**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0722-18T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

REGINALD ANTHONY,

     Defendant-Appellant.

_____

> Submitted December 2, 2019 – Decided January 14, 2020
>
> Before Judges Messano and Susswein.
>
> On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 11-04-0702.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).
>
> Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Lucille M. Rosano, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

A jury convicted defendant Reginald Anthony of "second-degree conspiracy to commit burglary, N.J.S.A. 2C:5-2 and 2C:18-2(b)(1)[, and] acquitted defendant of the remaining counts of the indictment, including burglary, robbery, murder, felony-murder and related weapons offenses." State v. Anthony, 443 N.J. Super. 553, 557 (App. Div. 2016). After he "granted the State's motion to sentence defendant as a persistent offender, N.J.S.A. 2C:44-3(a), [the trial judge] imposed the maximum extended term of twenty years' imprisonment, with an eighty-five[-]percent period of parole ineligibility pursuant to the No Early Release Act, N.J.S.A. 2C:43-7.2." Ibid. We affirmed defendant's conviction but remanded the matter for resentencing, concluding the judge erred by finding aggravating sentencing factors one and two applied. Id. at 576; see N.J.S.A. 2C:44-1(a)(1) ("[t]he nature and circumstances of the offense"); N.J.S.A. 2C:44-1(a)(2) ("[t]he gravity and seriousness of harm inflicted on the victim, including whether or not the defendant knew or reasonably should have known that the victim of the offense was particularly vulnerable or incapable of resistance due to advanced age").

A different judge resentenced defendant on remand. Without finding aggravating factors one and two, but finding aggravating factors three, six, nine

and twelve,[1] and no mitigating factors, the judge imposed the same sentence. We heard defendant's appeal on our Excessive Sentence Oral Argument calendar and affirmed the sentence. There is no evidence in the record that defendant sought further review by the Supreme Court.

Defendant filed a timely petition for post-conviction relief (PCR), alleging trial and appellate counsel rendered ineffective assistance (IAC). The court appointed PCR counsel, who filed a supplemental certification and brief on defendant's behalf. Defendant alleged trial counsel failed "to object and correct the . . . judge when he relied heavily on the facts of the case, and charges[] I was acquitted of. . . . I was being punished for crimes I did not commit[,] and my trial attorney should have objected."[2]

The PCR judge, who was also the resentencing judge, denied the petition without an evidentiary hearing. In a lengthy written opinion that followed a brief oral decision, the judge noted that unlike the trial judge, he did not apply

---

[1] N.J.S.A. 2C:44-1(a)(3) (the risk of re-offense); (6) (extent and seriousness of defendant's prior record); (9) (the need to deter defendant and others), and (12) (the offense was committed against a person sixty years of age or older). The trial judge had also found these aggravating factors when he originally imposed sentence.

[2] Defendant also claimed trial counsel was ineffective for failing to seek dismissal of the complaint prior to indictment. The PCR judge addressed this issue fully, and defendant has not raised it on appeal.

A-0722-18T1

aggravating factors one and two. The judge rejected defendant's claim that counsel failed to argue mitigating factors applied at the time of resentencing, noting he specifically considered mitigating factors, including defendant's behavior and accomplishments while in prison. See, e.g., State v. Randolph, 210 N.J. 330, 355 (2012) (noting that on remand for resentencing following appeal the judge should consider additional evidence of a defendant's post-conviction efforts at rehabilitation). The judge concluded defendant failed to meet the two-prong test formulated in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987), and entered an order denying the PCR petition. This appeal followed.

Before us, defendant raises the following point:

> POINT I
>
> THIS MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING BECAUSE DEFENDANT ESTABLISHED A PRIMA FACIE CASE OF TRIAL COUNSEL'S INEFFECTIVENESS FOR NOT OBJECTING TO THE RESENTENCING COURT'S IMPLICITLY CONSIDERING THE CHARGES FOR WHICH DEFENDANT WAS ACQUITTED.[3]

---

[3] Defendant presents no argument regarding appellate counsel's performance. An issue not briefed is waived. See Pressler & Verniero, Current N.J. Court Rules, cmt. 5 on R. 2:6-2 (2020).

We affirm substantially for the reasons expressed by the PCR judge in his written opinion. We add only the following brief comments.

To establish a viable claim of ineffective assistance of counsel, a defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." Fritz, 105 N.J. at 52 (quoting Strickland, 466 U.S. at 687). Additionally, a defendant must prove he suffered prejudice due to counsel's deficient performance. Strickland, 466 U.S. at 687. A defendant must show by a "reasonable probability" that the deficient performance affected the outcome. Fritz, 105 N.J. at 58. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." State v. Pierre, 223 N.J. 560, 583 (2015) (quoting Strickland, 466 U.S. at 694; Fritz, 105 N.J. at 52). Our rules anticipate the need to hold an evidentiary hearing on IAC claims, "only upon the establishment of a prima facie case in support of post-conviction relief[.]" R. 3:22-10(b).

We agree with the judge's assessment of counsel's performance at the resentencing hearing. The transcript reveals that counsel prepared a sentencing memorandum for the court, he specifically referred the judge to defendant's rehabilitative efforts while in prison, and he argued specific mitigating

sentencing factors applied. That the judge rejected these mitigating factors does not demonstrate deficient performance by counsel.

Defendant's claim that counsel should have objected to the judge's recitation of the criminal events, and his use of those events to support his finding of aggravating sentencing factors, is without merit. We affirmed defendant's sentence so, even if counsel had objected at the resentencing hearing, there is no reasonable probability that the sentence would have been different. The failure to raise a losing argument does not amount to deficient performance. State v. O'Neal, 190 N.J. 601, 619 (2007); see also State v. Echols, 199 N.J. 344, 361 (2009) ("[T]he failure of trial counsel to object to the comments . . . could not lead to the conclusion that there is a reasonable probability that, but for the errors of trial . . . counsel, the outcome would have been different."). In reality, defendant's petition presented a second challenge to the sentence itself, and, as such, is procedurally barred. See R. 3:22-5 (barring PCR relief based on a claim that was adjudicated on its merits in prior proceedings).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0722-18T1